**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 18, 2023**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1048**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV299

IN COURT OF APPEALS
DISTRICT I

---

SHEBOYGAN COUNTY,

PETITIONER-APPELLANT,

V.

STATE OF WISCONSIN, STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES AND WISCONSIN SECRETARY OF STATE,

RESPONDENTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Sheboygan County: MARK ROHRER, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Sheboygan County appeals from an order of the circuit court dismissing its declaratory judgment action filed against the State of Wisconsin, Department of Health Services, and the Wisconsin Secretary of State (collectively the State). On appeal, the County argues that the circuit court improperly found that its declaratory judgment action against the State was barred by sovereign immunity and that its claim seeking financial contribution from the State for the care of T.L. was not raised in the proper forum. The County further argues that the State has a statutory obligation to contribute to the costs for T.L.'s care.

¶2 We disagree with Sheboygan County, and we conclude that the County's declaratory judgment action is barred by sovereign immunity. Consequently, for the reasons set forth below, we affirm.

## BACKGROUND

¶3 On August 18, 2020, the County filed a petition seeking declaratory judgment against the State seeking financial contribution from the State for the costs of providing care to T.L. The petition alleged that on November 9, 2017, T.L., a Sheboygan County resident, was found, in Sheboygan County Case No. 17GN64, to be a proper subject for guardianship and protective placement under WIS. STAT. § 55.08(1) (2021-22).[1] Contemporaneously, on November 9, 2017, in Sheboygan County Case No. 16CF366, T.L. was found not guilty by reason of mental disease or defect of a criminal offense pursuant to WIS. STAT. § 971.165. At that time, T.L. was committed to the custody of the Wisconsin

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Department of Health and Family Services and was placed at Mendota Mental Health Institute (Mendota), a facility run by the State. T.L.'s placement at Mendota under the criminal commitment preempted any necessity for Sheboygan County to incur any financial expense for T.L.'s care and treatment until his commitment in the criminal case expired on April 26, 2019.

¶4 The petition further alleged that at a hearing on or about April 25, 2019, the circuit court, in Case No. 17GN64, found that T.L. continued to meet the statutory requirements for a protective placement under WIS. STAT. § 55.08(1). The court found that the Trempealeau County Health Care Facility in Sheboygan County was the appropriate placement setting for T.L., and T.L. was moved to that facility where he has remained since that time.

¶5 The County further alleged that the cost to provide care to T.L. is about $150,000 per year, and this greatly exceeds the County's "resources allocated for all Sheboygan county residents" requiring services under WIS. STAT. ch. 55. The County further alleged that T.L. is not a citizen or legal permanent resident of the United States and, therefore, is not eligible to receive state or federal medical assistance on an individual basis, nor are the expenses related to T.L.'s care included in any existing grants or aid to the County.

¶6 The County alleged that it requested that the State "match" funds provided by the County or "otherwise assist" the County in funding the care for T.L., but the County's request was denied. Ultimately, the County asserted that the State was required to financially contribute to the costs of T.L.'s care, and it requested "a declaratory judgment interpreting the shared financial responsibilities of Sheboygan County and the State of Wisconsin for the care and treatment" of T.L. The County sought reimbursement from the State as to past expenses for

T.L.'s care and financial contribution from the State as to future expenses for T.L.'s care.

¶7      The State filed a motion for judgment on the pleadings pursuant to WIS. STAT. § 802.06(3), primarily arguing that the County's action was barred by sovereign immunity because "the County is suing the State for money." However, the State also argued in the alternative that the County's action failed on the merits because the County failed to identify a statute that required the State to provide the County with funding to cover the costs of T.L.'s care.

¶8      The circuit court granted the State's motion and dismissed the County's action. At the hearing addressing the motion, the circuit court found "that the request for payments already made by the County for the cost of [T.L.] is a form of a request for past damages against the Department and the State, as such sovereign immunity bars this type of request." The circuit court also found that it was "not the proper forum for a declaratory judgment as to the issue of future cost sharing between the State and the County." The County now appeals.

## DISCUSSION

¶9      On appeal, the County raises three arguments: (1) that the circuit court improperly found that its declaratory judgment action was barred by sovereign immunity; (2) that the circuit court improperly found that the County's action was not raised in the proper forum; and (3) that the applicable statutes indicate that the State is partly responsible for the costs of T.L.'s care. Upon review, we conclude that the County's action is barred by sovereign immunity, and therefore, we do not address the County's remaining arguments. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

4

¶10 A motion made under WIS. STAT. § 802.06(3) for judgment on the pleadings "is essentially a summary judgment decision without affidavits and other supporting documents." *McNally v. Capital Cartage, Inc.*, 2018 WI 46, ¶23, 381 Wis. 2d 349, 912 N.W.2d 35. We first determine "whether the complaint has stated a claim," and "[i]f so, we next examine the responsive pleading to ascertain whether an issue of material fact exists." *Id.* "Whether judgment on the pleadings should be granted is a question of law we review independently[.]" *Id.*, ¶24.

¶11 In this case, the State moved for judgment on the pleadings primarily on the basis that the County's declaratory judgment action is barred by sovereign immunity because its action is, in effect, one seeking money from the State. By contrast, the County argues that its declaratory judgment action is not barred by sovereign immunity. Rather, it argues that an exception to the general rule of sovereign immunity applies. "Whether a claim is barred by sovereign immunity is a question of law" that we review *de novo*. *Aesthetic & Cosmetic Plastic Surgery Ctr., LLC v. DOT*, 2014 WI App 88, ¶12, 356 Wis. 2d 197, 853 N.W.2d 607 (citation omitted).

¶12 Sovereign immunity recognizes that "the State cannot be sued without its consent, and the legislature directs the manner in which suits may be brought against the State." *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶51, 317 Wis. 2d 656, 766 N.W.2d 559; *see also* WIS. CONST. art. IV, § 27 ("The legislature shall direct by law in what manner and in what courts suits may be brought against the state."). "A suit against a state agency constitutes a suit against the State for purposes of sovereign immunity." *Aesthetic*, 356 Wis. 2d 197, ¶13 (citation omitted). "If the legislature has not specifically consented to the suit, then sovereign immunity deprives the court of personal jurisdiction over the

State, assuming that the defense has been properly raised." ***PRN Assocs.***, 317 Wis. 2d 656, ¶51. Thus, we turn to whether the legislature has specifically consented to the County's suit under WIS. STAT. § 806.04, which is also known as Wisconsin's Declaratory Judgments Act.

¶13 Wisconsin's Declaratory Judgments Act "may" be used "to get relief from the [S]tate or a state agency under some circumstances[.]" ***Aesthetic***, 356 Wis. 2d 197, ¶15. In this case, the County argues that "a general exception" articulated by our supreme court in ***Lister v. Board of Regents of University Wisconsin System***, 72 Wis. 2d 282, 240 N.W.2d 610 (1976), authorizes its declaratory judgment action against the State. In ***Lister***, our supreme court stated:

> [T]he court has also recognized that the declaratory judgment procedure is particularly well-suited (in cases where such relief is otherwise appropriate) for resolving controversies as to the constitutionality or proper construction and application of statutory provisions. As a result, it has been necessary to engage in a fiction that allows such actions to be brought against the officer or agency charged with administering the statute on the theory that a suit against a state officer or agency is not a suit against the state when it is based on the premise that the officer or agency is acting outside the bounds of his or its constitutional or jurisdictional authority.

*Id.* at 303 (footnote omitted).

¶14 The County argues that this "exception" applies because it is requesting a declaration from the court articulating the proper construction of the statutes governing the financial responsibility of the County and the State for the costs of the care provided to someone in a protective placement under WIS. STAT. ch. 55. It further argues that the State "is acting outside of its jurisdictional authority by refusing to participate with the County in cost sharing for T.L.'s care."

6

¶15 We disagree. When analyzing whether a suit against the State is barred by sovereign immunity, "Wisconsin courts have looked to the nature of the relief sought when determining whether sovereign immunity bars an action." *Klein v. DOR*, 2020 WI App 56, ¶22, 394 Wis. 2d 66, 949 N.W.2d 608. Moreover, it is widely understood that "[a] declaration which seeks to fix the [S]tate's responsibility to respond to a monetary claim is not authorized by Wisconsin's Declaratory Judgments Act." *Lister*, 72 Wis. 2d at 308. Thus, in *Lister*, our supreme court barred a suit brought by students seeking a declaration from the court that they were improperly classified as nonresidents for purposes of tuition, and the court stated:

> A court cannot close its eyes to the purpose which a declaration of rights will serve in the particular case. … To the extent that the complaint attempts to state a claim for relief under state law, the only consequence which the desired declaration of rights could have would be to settle the plaintiffs' rights to recover the amounts paid in nonresident tuition. The action is, in effect, one for damages.

*Id.* "[I]f the only consequence flowing from the desired declaration of rights is to determine the plaintiff's right to recover damages, the claim is not justiciable[.]" *Klein*, 394 Wis. 2d 66, ¶22.

¶16 Turning to the County's action here, we conclude that the County's action for declaratory judgment suffers from the same fatal flaw—namely, the County's "action is, in effect, one for damages" from the State, and thus, we conclude that it is barred by sovereign immunity. *See Lister*, 72 Wis. 2d at 308.

¶17 In its action, the County requested a declaration from the court seeking to interpret specific statutes setting the County's and the State's financial responsibility for the costs of T.L.'s care as an individual in protective placement

under WIS. STAT. ch. 55. However, "the only consequence which the desired declaration of rights could have would be to settle the [County's] rights to recover the amounts paid in [costs for T.L.'s care]." *See **Lister***, 72 Wis. 2d at 308. Indeed, the County has stated as much in labeling its action as one for "financial contribution" from the State and requesting "reimbursement" for costs already spent on T.L.'s care and "contributions" towards the future costs for T.L.'s care.[2] Thus, while the County is requesting an interpretation of certain statutes that it argues are applicable to the costs of T.L.'s care, what the County truly seeks is the right to obtain money from the State. *See **Lister***, 72 Wis. 2d at 308. Consequently, we conclude that "[t]he action is, in effect, one for damages" and, as such, it is barred by sovereign immunity.[3] *See **id.*** Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[2] The State argues that the County has abandoned any argument for reimbursement of the past costs of T.L.'s care. Any distinction between reimbursement of costs or contribution to future costs is immaterial because we conclude that the County's action in its entirety, regardless of whether it is one for reimbursement or contribution, is barred by sovereign immunity.

[3] We also reject the County's argument that it seeks anticipatory or preventative relief for this reason. Regardless of the County's characterization of its request for declaratory judgment, the result is the same—it seeks money from the State.